UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL LANDERS, #882204,

        Petitioner,

                                    CASE NO. 2:18-CV-13148
v.                                        HONORABLE SEAN F. COX

RANDY REWERTS,

        Respondent.
_____/

**OPINION & ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING THE MOTION FOR EQUITABLE TOLLING, DENYING A CERTIFICATE OF APPEALABILITY, & DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

Michigan prisoner Michael Landers ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as well as a motion for equitable tolling. Petitioner was convicted of possession of 1,000 or more grams of cocaine and possession with intent to deliver less than five kilograms of marijuana following a jury trial in the Wayne County Circuit Court. He was sentenced to concurrent terms of 15 to 30 years imprisonment and four to eight years imprisonment on those convictions in 2013. In his petition, he raises claims concerning the effectiveness of trial counsel. In his motion for equitable tolling, he admits that his habeas petition is untimely under the one-year statute of limitations applicable to federal habeas actions, but asserts that he is entitled to equitable tolling.

Having reviewed the matter, the Court concludes that the habeas petition is untimely and must be dismissed and that Petitioner's motion for equitable tolling must be denied. The Court also concludes that a certificate of appealability and leave to proceed in forma pauperis on appeal must

be denied.

## II. Procedural History

As noted, Petitioner was convicted and sentenced in 2013. Following sentencing, he filed an appeal of right with the Michigan Court of Appeals raising claims concerning the sufficiency of the evidence, the imposition of court costs, and the use of a confidential informant and his confrontation rights. The court denied relief on the insufficient evidence and confrontation claims, but remanded the case to the trial court to establish a factual basis for the amount of costs imposed. *People v. Landers*, No. 320069, 2015 WL 2412384 (Mich. Ct. App. May 19, 2015) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Landers*, 498 Mich. 907, 870 N.W.2d 714 (Oct. 28, 2015).

On January 23, 2017, Petitioner filed a motion for relief from judgment with the state trial court asserting that trial counsel was ineffective in various respects, which was denied. *People v. Landers*, No. 13-005323-01-FC (Wayne Co. Cir. Ct. March 8, 2017). Petitioner filed an application for leave to appeal with the Michigan Court of Appeals, which was denied. *People v. Landers*, No. 339683 (Mich. Ct. App. Nov. 2, 2017). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied pursuant to Michigan Court Rule 6.508(D). *People v. Landers*, _ Mich. _, 915 N.W.2d 362 (July 27, 2018).

Petitioner dated his federal habeas petition on October 4, 2018.

## III. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996. The AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the proscribed time period must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days late); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

A preliminary question in this case is whether Petitioner has complied with the one-year statute of limitations. "[D]istrict courts are permitted . . . to consider *sua sponte*, the timeliness of a state prisoner's federal habeas petition. *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Petitioner's convictions became final after the AEDPA's April 24, 1996 effective date. The Michigan Supreme Court denied leave to appeal on direct appeal on October 28, 2015. Petitioner's convictions became final 90 days later, *see Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (a conviction becomes final when "the time for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007); S. Ct. R. 13(1), on or about January 26, 2016. Accordingly,

Petitioner was required to file his federal habeas petition by January 26, 2017, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner filed his motion for relief from judgment with the state trial court on January 23, 2017. At that point, about three days of the one-year period remained. Petitioner's motion and related appeals remained pending in the state courts, thereby tolling the one-year period, *see* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002), until the Michigan Supreme Court denied leave to appeal on July 27, 2018. Petitioner then had three days, until July 30, 2018, to file his federal habeas petition. The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). Petitioner, however, did not date his federal habeas petition until October 4, 2018 – more than two months after the one-year period had expired.

Petitioner does not allege that the State created an impediment to the filing of his habeas petition or that his habeas claims are based upon newly-discovered evidence or newly-enacted, retroactively applicable law. His habeas petition is therefore untimely under 28 U.S.C. § 2244(d).

The United States Supreme Court has confirmed that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court has explained that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). "Typically, equitable tolling applies only when

a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

In his motion for equitable tolling, Petitioner asserts that he is entitled to equitable tolling of the one-year period under the five-factor test set forth in *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001) (citing *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988)). Those factors are: (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Dunlap*, 250 F.3d at 1008. Specifically, Petitioner asserts that he is entitled to equitable tolling because he lacked constructive knowledge of the filing requirement, he was reasonable in remaining ignorant of the filing requirement, and he does not have a GED or high school diploma and must rely upon legal writer services.

The Sixth Circuit, however, has concluded that the two-part test set forth in *Holland v. Florida*, 560 U.S. 631 (2010), "has replaced *Dunlap*'s five-factor inquiry as the governing framework in this circuit for determining whether a habeas petitioner is entitled to equitable tolling." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750 (6th Cir. 2011). In any event, Petitioner is not entitled to equitable tolling under either test.

First, the record fails to support Petitioner's allegation that he lacked actual notice or constructive knowledge of the one-year filing deadline for federal habeas petitions. Second, it would be unreasonable for him to remain ignorant of the statute of limitations given that it has been in effect since 1996. Third, Petitioner's lack of a GED or high school education and his need to rely upon legal writers services does not justify equitable tolling. *See, e.g., Cobas v. Burgess*, 306 F.3d

441, 444 (6th Cir. 2002) (petitioner was not entitled to equitable tolling on the basis of his ignorance of the law and legal process, his lack of education, his functional illiteracy, or his reliance on prison paralegals). Lastly, the fact that Petitioner is untrained in the law, is (or was) proceeding without a lawyer or other legal assistance at some point, and/or was unaware of the statute of limitations for a period of time does not warrant tolling. *See Johnson v. United States*, 544 U.S. 295, 311 (2005) (indicating that pro se status and procedural ignorance are insufficient grounds for equitable tolling); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) (pro se status and lack of legal knowledge are not extraordinary circumstances); *Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases stating that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling). Petitioner fails to demonstrate that he is entitled to equitable tolling under *Holland* (or the factors set forth in *Dunlap*).

Both the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have held that a credible claim of actual innocence may equitably toll the one-year statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 399-400 (2013); *Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-39 (2006). A valid claim of actual innocence requires a petitioner "to support his

allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. In keeping with Supreme Court authority, the Sixth Circuit has recognized that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Souter*, 395 F.3d at 590 (quoting *Schlu*p, 513 U.S. at 321).

Petitioner makes no such showing. His assertion that his habeas claims have merit does not establish his actual innocence. *See, e.g., Craig v. White*, 227 F. App'x 480, 481 (6th Cir. 2007). Moreover, any self-serving, conclusory assertion of innocence is insufficient to support an actual innocence claim. A "reasonable juror [or fact-finder] surely could discount [a petitioner's] own testimony in support of his own cause." *McCray v. Vasbinder*, 499 F.3d 568, 573 (6th Cir. 2007) (citing cases). Petitioner fails to establish that he is entitled to equitable tolling of the one-year period. His habeas petition is therefore untimely and must be dismissed.

## IV. Conclusion

Based upon the foregoing discussion, the Court concludes that the habeas petition is untimely and that Petitioner is not entitled to equitable tolling of the one-year period. Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus. Given this determination, the Court also **DENIES** Petitioner's motion for equitable tolling.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the

claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a district court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. In this case, jurists of reason could not find the Court's procedural ruling that the habeas petition is untimely debatable. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court finds that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** Petitioner leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED.**

Dated: October 24, 2018

s/Sean F. Cox
Sean F. Cox
U. S. District Judge


I hereby certify that on October 24, 2018, the foregoing document was served on counsel of record via electronic means and upon Michael Landers via First Class mail at the address below:

Michael Landers
882204
CARSON CITY CORRECTIONAL FACILITY
10274 BOYER ROAD
CARSON CITY, MI 48811

s/J. McCoy
Case Manager